### CUNNINGHAM v. HEWITT.

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

1. WORK AND LABOR—PERSONAL SERVICES—REASONABLE VALUE.

In an action against an administrator for services performed for his intestate, it appeared that plaintiff had for eight years done such work as is generally done by a man servant, and nursed decedent during illness; that he left her by a will $200, but by a codicil, subsequently executed two years before his death, left her $500, and provided that she should have $60 a year for future services. Subsequently, he gave her a note for $400, and a bill of sale of all his personalty, worth $400 or $500. Thereafter the will was destroyed, but the codicil was not, and he attempted to execute a will whereby all his property, worth more than $3,000, was given to plaintiff. Plaintiff on the trial surrendered the $400 note. *Held*, that a verdict for $1,000 would not be disturbed as excessive.

2. SAME—EVIDENCE.

In an action against an administrator for services performed by plaintiff in caring for the intestate's household for eight years, and for nursing him during illness, experienced nurses swore to the value of plaintiff's services, but stated on cross-examination that they were not acquainted with the value of the services of an untrained nurse. Plaintiff was not a trained nurse. The time during which defendant's intestate was ill was very short. *Held*, that there was no prejudicial error in the testimony, the verdict being for $1,000 only.

3. SAME—EVIDENCE—ADMISSIBILITY.

In an action against an administrator for services performed by plaintiff for defendant's intestate, defendant introduced a codicil to a will, which seemed to indicate an understanding that plaintiff was to receive $500, and $60 a year from the date of the codicil. *Held*, that it was competent for plaintiff to show the destruction of the former will, which carried with it the destruction of the codicil, and the execution of a new paper, which attempted to give all of the property to plaintiff.

4. COSTS—TAXATION.

Where, in an action against an administrator for services performed by plaintiff for his intestate, costs are taxed in favor of plaintiff without any certificate of the trial judge that plaintiff's claim was unreasonably resisted, but there was no motion to strike them from the judgment, or any objection made to their taxation, the question is not available to defendant on appeal.

Chase, J., dissenting.

Appeal from Special Term, Saratoga County.

Action by Honora Cunningham against Frank M. Hewitt, as administrator of the estate of Christopher Hewitt, deceased. From a

judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Defendant's intestate died upon the 17th day of September, 1900, at the age of 88 years. He left no widow and some nephews and nieces as his sole next of kin. For eight years prior to his death this plaintiff had been his general servant, taking practically the sole care of him in sickness and in health. She had not only done the household work, but she had taken care of a horse, of a cow, and of some pigs, and work generally done by a man servant. At periods of his sickness she nursed him faithfully, although .it times such service was of a character far from agreeable. He had, some time prior to his death, made a will, in which he had left her the sum of $200; and upon the 5th day of October, 1898, he executed a codicil to his will, in which he gave her the sum of "$500, to be in full of all claims, dues, and demands which she has or may have against me at the present time, to wit, the date of this codicil; and in case she presents any bill or claim against my estate for services prior to this time, then she shall forfeit said legacy of $500; and in case I shall not pay her for future services, $60 per year, she shall present claims for said amount." Thereafter, upon the 11th day of August, 1900, he executed a note, of which the following is a copy:

"Saratoga Springs, N. Y., August 11, 1900.

"On demand I promise to pay Honora Cunningham four hundred dollars ($400.00) for value received.

"[Signed]    Christopher Hewitt."

Upon the 13th day of September, he executed and delivered to the plaintiff a bill of sale of substantially all of his personal property, which amounted to between four and five hundred dollars. Upon September 15th—two days before his death—he called for his will, and burned the same. The codicil, however, for some reason, was not destroyed. At the same time he executed a paper, of which the following is a copy:

"Saratog Sept. the 15 1890.

"I hereby give to Honoria Cunningham all my real estate and personal property when I am done with it for this is my wish and my last will and testament.

"[Signed]    Christopher Hewitt.

"Witness Polly A. Smith."

The plaintiff made claim for $6,000 for services for eight years for which she worked for the defendant's intestate. Upon the trial she surrendered the $400 note as being, as she claimed, a part payment for such services, and recovered a judgment for $1,000. From this judgment, and from the order denying a motion for a new trial, defendant has appealed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Nash Rockwood, for appellant.

Edgar T. Brackett, for respondent.

SMITH, J. The appellant appeals to the duty which this court has always recognized to protect the estates of dead men from fraudulent claims. It is urged that this verdict was against the weight of the evidence, and was prompted by sympathy, and was in defiance of principles of law, and in excess of the just indebtedness of this estate. We think the defendant's claims are not sustained by the evidence. In October, 1898, the date of the execution of the codicil to his will by the intestate, he recognized an indebtedness of $500 to the plaintiff for services which had been at that time rendered. It is true that he then specified a claim of $60 a year which should be paid for services thereafter rendered. In August, however, of the year of his

death, he freely and without coercion gave to the plaintiff a note for
$400, which is recited as being for value received. This was in addi-
tion to the $500 at that time provided to be paid to her by his codicil,
and was a voluntary recognition of the value of the services rendered,
which he had the right to make. The recovery was for $1,000—sub-
stantially the amount recognized by the intestate as covering his in-
debtedness to her. We see, therefore, no ground of suspicion in the
plaintiff's claim to the amount for which she has recovered a verdict.
It is true that the intestate gave to the plaintiff, just prior to his death,
a bill of sale of his personal property, amounting to between four and
five hundred dollars. It is apparent, however, that this was volun-
tarily given, and there is nothing to indicate that it was intended to be
in satisfaction either of the legacy provided for by this codicil or of
the note which he had theretofore given to the plaintiff. The destruc-
tion of the will upon September 15th—two days before his death—is
no indication of a change of purpose. It was accompanied by an
attempt to give her the whole of his property, both real and personal,
by a new will, which has failed through lack of proper execution. The
estate amounted to upwards of $3,000. With the intention manifested
to give to her all of his property, and express recognition of an indebt-
edness of $900 for services rendered, the administrator might well
have been content with the decision of the jury. The claim of the
defendant that the evidence of the plaintiff's witnesses is partial and
untrue is not sustained by the record, and has evidently been disbe-
lieved by the jury, upon whose verdict upon this question we must
rely.

The judgment has been assailed, however, for errors of the trial
judge in the admission of evidence. Three witnesses, who were ex-
perienced nurses, have sworn to the value of plaintiff's services. The
question, as first asked of these witnesses, was probably incompetent.
Upon cross-examination, however, each witness swore that her testi-
mony as to the value simply referred to the time when the plaintiff
nursed defendant's intestate, and that they did not pretend to state the
value of other services rendered at other times. It is true that one
or two of the witnesses swore that they were not acquainted with the
value of the services of an untrained nurse, but the time during which
the defendant's intestate was sick was very short, so that their testi-
mony could have a slight influence only upon the verdict of the jury,
and that its influence was slight is indicated by the result attained,
which gave to the plaintiff a verdict of $1,000 for eight years' services,
whereas the defendant's intestate, under his own signature, has recog-
nized a value of $900 therefor. While there may have been a tech-
nical error in one or two of the rulings upon the admission of evi-
dence of these witnesses, its effect was so immaterial that the interests
of justice do not require a reversal of the judgment therefor.

The appellant further complains of the rulings of the trial court ad-
mitting in evidence the paper signed upon September 15th, by which
the defendant's intestate attempted to give to the plaintiff all of his
property. But the defendant had introduced the codicil to the prior
will, which seemed to indicate an understanding of the testator that
plaintiff was to receive $500, and $60 a year from the date of the

codicil in addition thereto, only for her services. It was competent, therefore, for the plaintiff to show the destruction of the former will, which carried with it the destruction of the codicil, and the execution of a new paper purporting to give all of his property to the plaintiff, in connection with his statements that for such services as she had rendered she was entitled to all of his property. It is a recognition at least of the value of her services to the extent of $900, which he had theretofore provided as payment therefor.

The appellant further complains that costs were taxed in the judgment without the certificate of the trial judge that the plaintiff's claim was unreasonably resisted; but such costs were taxed without objection. There was no motion made in the court below to strike them from the judgment. If such a motion had been made, the plaintiff might have applied for and obtained such a certificate from the trial judge. Without objection made in the court below, this question cannot for the first time be raised upon this appeal. For these reasons we think this judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except CHASE, J., who dissents.